ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
ROBERT L. MEYERHOFF
Deputy Attorney General
State Bar No. 298196
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6177
  Fax:  (916) 731-2144
  E-mail:  Robert.Meyerhoff@doj.ca.gov
*Attorneys for Defendants Robert A. Bonta, Luis
Lopez, and the California Department of Justice*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ENDIR BRISENO, NEIL OPDAHL-LOPEZ, AND RODNEY WILSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROBERT A. BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA; LUIS LOPEZ, IN HIS OFFICIAL CAPACITY AS ACTING CHIEF OF THE CALIFORNIA DEPARTMENT OF JUSTICE BUREAU OF FIREARMS; CALIFORNIA DEPARTMENT OF JUSTICE; AND DOES 1-10,**<br><br>Defendants. | 2:21-cv-09018<br><br>**DEFENDANTS ROBERT A. BONTA, LUIS LOPEZ, AND CALIFORNIA DEPARTMENT OF JUSTICE'S NOTICE OF MOTION AND MOTION TO DISMISS, ABSTAIN FROM HEARING, AND/OR STAY PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:          February 28, 2022<br>Time:          1:30 p.m.<br>Judge:        Hon. Otis D. Wright II<br>Action Filed: November 17, 2021 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

Notice of Motion ...................................................................................... 1

Introduction .............................................................................................. 2

Procedural Background and Factual Allegations ...................................... 3

    I.     The Related Action ....................................................................... 3

    II.    The Instant Case .......................................................................... 5

Legal Standard .......................................................................................... 8

Argument ................................................................................................... 9

    I.     The Complaint Should Be Dismissed in Its Entirety for Failure to State a Claim ............................................................. 9

         A.    Plaintiff Fails to Adequately Allege a Second Amendment Violation ......................................................... 9

         B.    The Substantive Due Process Claim Fails to Allege a Cognizable Interest or Sufficiently Egregious Conduct ........... 11

             1.    Plaintiffs Do Not Allege a Cognizable Interest ............. 11

             2.    The Complaint Does Not Allege Egregious Conduct ...................................................................... 13

         C.    The Procedural Due Process Claim Also Fails to Allege a Cognizable Liberty or Property Interest ..................................... 13

    II.    This Case Should Dismissed for Lack of Article III Standing .......... 15

    III.   This Court Should Abstain from Hearing this Case under the Pullman Doctrine ................................................................. 17

    IV.   The Court Should Stay this Case Pursuant to the Colorado River Doctrine ............................................................................ 20

         A.    Staying or Dismissing this Case Will Avoid Piecemeal Litigation ..................................................................... 20

         B.    The Order of Jurisdiction Weighs in Favor of the Application of Colorado River ............................................ 21

         C.    California Law Provides the Rules of Decision on the Merits ....................................................................... 22

         D.    The Rights of Plaintiffs Can Be Protected in the Related Action ............................................................. 23

         E.    The Avoidance of Forum Shopping Supports Colorado River's Application ........................................................ 23

         F.    It Is Likely that the Issues Presented in this Case Will Be Resolved in the Related Action ......................................... 24

Conclusion ................................................................................................. 25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ahearn v. City of Palos Verdes*,
No. CV 07-2029-AHS-RNB, 2008 WL 1330461 (C.D. Cal. Apr. 9,
2008) ........................................................................................................... 13

*Albright v. Oliver*,
510 U.S. 266 (1994) ..................................................................................... 11

*Almodovar v. Reiner*,
832 F.2d 1138 (9th Cir. 1987) ...................................................................... 18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................*passim*

*Bell Atlantic Corporation v. Twombly*,
550 U.S. 544 (2007) ........................................................................ 8, 11, 12, 13

*Blocktree Props., LLC v. Pub. Util. Dist. No. 2 of Grant Cty. Wash.*,
447 F. Supp. 3d 1030 (E.D. Wash. 2020), *aff'd sub nom. Cytline,
LLC v. Pub. Util. Dist. No. 2 of Grant Cty., Wash.*, 849 F. App'x
656 (9th Cir. 2021) ....................................................................................... 11

*C-Y Dev. Co. v. City of Redlands*,
703 F.2d 375 (9th Cir. 1983) ........................................................................ 18

*Caldara v. City of Boulder*, 955 F.3d 1175 (10th Cir.), *cert. denied sub
nom. Caldara v. City of Boulder, Colorado*, 141 S. Ct. 849 (2020) ................. 18

*Cnty. of Sacramento v. Lewis*,
523 U.S. 833 (1998) ..................................................................................... 13

*Colorado River Water Conservation District v. United States*,
424 U.S. 800 (1976) ................................................................................*passim*

*Columbia Basin Apartment Ass'n v. City of Pasco*,
268 F.3d 791 (9th Cir. 2001) ........................................................................ 17

1
2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

3

*Corp. Builders, Inc. v. Tilem*,
4      No. CV080413CASAJWX, 2008 WL 11422178 (C.D. Cal. Mar.
       10, 2008) ..................................................................................................... 22
5

*Courtney v. Goltz*,
6      736 F.3d 1152 (9th Cir. 2013) ............................................................. 19

7
*Davis v. Grimes*,
8      9 F. Supp. 3d 12 (D. Mass. 2014) ....................................................... 18

9
*DeRock v. Sprint-Nextel*,
10     603 F. App'x 556 (9th Cir. 2015) ........................................................ 10

11
*Doe No. 1 v. Putnam Cty.*,
12     No. 16-CV-08191 (PMH), 2020 WL 7027596 (S.D.N.Y. Nov. 30,
       2020) ..................................................................................................... 18
13

*Dougherty v. Cortez*,
14     446 F. App'x 877 (9th Cir. 2011) ........................................................ 14

15
*Duncan v. Bonta*,
16     19 F.4th 1087 (9th Cir. 2021) ....................................................... 10, 11

17
*El Centro Foods, Inc. v. Nazarian*,
18     No. CV09-06395 .................................................................................... 9

19
*Fontana v. Haskin*,
20     262 F.3d 871 (9th Cir. 2001) ............................................................... 13

21
*Gallagher v. Dillon Grp. 2003-I*,
22     No. CV-09-2135-SBA, 2010 WL 890056 (N.D. Cal. Mar. 8, 2010) ............... 24

23
*Greenwood v. F.A.A.*,
       28 F.3d 971 (9th Cir. 1994) ........................................................... 13, 14
24

25
*Kasler v. Lockyer*,
       23 Cal. 4th 472 (2000) ................................................................... 14, 15
26

27
*Lewis v. Eng.*,
       739 F. App'x 458 (9th Cir. 2018) ........................................................ 22
28

1
2

**TABLE OF AUTHORITIES**
(continued)

Page

3
4
*Lomma v. Connors*,
539 F. Supp. 3d 1094 (D. Haw. 2021) ................................................. 18

5
6
7
*Miller v. Delta Air Lines*,
No. 218CV0218ODWSK, 2018 WL 1750558 (C.D. Cal. Apr. 10,
2018) ..................................................................................................... 12

8
9
*Montanore Mins. Corp. v. Bakie*,
867 F.3d 1160 (9th Cir. 2017), *as amended on denial of reh'g and
reh'g en banc* (Oct. 18, 2017) ...................................................... 20, 23

10
11
*Morisada Corp. v. Beidas*,
939 F. Supp. 732 (D. Haw. 1995) ........................................................ 21

12
13
*Mullins v. State of Or.*,
57 F.3d 789 (9th Cir. 1995) .................................................................. 12

14
15
*Mutter v. Madigan*,
17 F. Supp. 3d 752 (N.D. Ill. 2014), *aff'd as modified sub nom.
Mutter v. Rodriguez*, 700 F. App'x 528 (7th Cir. 2017) ..................... 11

16
17
*Nakash v. Marciano*,
882 F.2d 1411 (9th Cir. 1989).......................................................... 22, 23

18
19
*Native Village of Nuiqsut v. Bureau of Land Management*,
9 F.4th 1201 (9th Cir. 2021) .................................................................. 8

20
21
*Nunez v. City of L.A.*,
147 F.3d 867 (9th Cir. 1998)................................................................. 11

22
23
*Prescott v. Cty. of El Dorado*,
298 F.3d 844 (9th Cir. 2002)................................................................. 16

24
*Protectmarriage.com-Yes on 8 v. Bowen*,
752 F.3d 827 (9th Cir. 2014)................................................................. 16

25
26
*R.R. St. & Co. Inc. v. Transp. Ins. Co.*,
656 F.3d 966 (9th Cir. 2011)............................................... 9, 20, 22, 24

27
28
*Railroad Commission of Texas v. Pullman Company*,
312 U.S. 496 (1941)....................................................................*passim*

iv

**TABLE OF AUTHORITIES**
(continued)

Page

*Regents of Univ. of Mich. v. Ewing*,
  474 U.S. 214 (1985) .................................................................................... 11

*Rupp v. Becerra*,
  401 F. Supp. 3d 978 (C.D. Cal. 2019) ........................................................ 10

*Scott v. Pasadena Unified Sch. Dist.*,
  306 F.3d 646 (9th Cir. 2002) ....................................................................... 16

*Smelt v. Cty. of Orange*,
  447 F.3d 673 (9th Cir. 2006) ............................................................... 8, 9, 17

*Sompo Am. Ins. Servs., LLC v. Plaza Indem. Ins. Co.*,
  No. 219CV05224VAPKSX, 2019 WL 6841988 (C.D. Cal. Oct. 1,
  2019) ............................................................................................................ 22

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016), *as revised* (May 24, 2016) ......................................... 8

*Stonecipher v. Valles*,
  No. CV 11-417 ............................................................................................. 11

*Sylvia Landfield Tr. v. City of L.A.*,
  No. CV 09-1798-JST (RZX), 2011 WL 13142638 (C.D. Cal. May
  5, 2011), aff'd, 729 F.3d 1189 (9th Cir. 2013) ........................................... 13

*Telesaurus VPC, LLC v. Power*,
  623 F.3d 998 (9th Cir. 2010) ....................................................................... 10

*United States v. Sanchez-Gomez*,
  138 S. Ct. 1532 (2018) .................................................................................. 8

*W. Virginia Citizens Def. League, Inc. v. City of Martinsburg*,
  483 F. App'x 838 (4th Cir. 2012) ................................................................ 18

*Washington Env't Council v. Bellon*,
  732 F.3d 1131 (9th Cir. 2013) ..................................................................... 16

*Whitaker v. Tesla Motors, Inc.*,
  985 F.3d 1173 (9th Cir. 2021) ....................................................................... 8

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Wittenburg v. Russo & Steele*,
   LLC, No. SACV13510JLSRNBX, 2013 WL 12190424 (C.D. Cal.
   Oct. 8, 2013)...................................................................................................23

**Other Authorities**

Jon E. Eisenburg, et al., *California Practice Guide: Civil Appeals and*
   *Writs*, 2-B (2021) .............................................................................................21

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT on February 28, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Otis D. Wright II in Courtroom 5D of the United States District Court for the Central District of California, located at 350 West 1st Street, 5th Floor, Los Angeles, California 90012, Defendants Robert A. Bonta, in his official capacity as Attorney General for the State of California, Luis Lopez, in his official capacity as Acting Chief of the California Department of Justice Bureau of Firearms, and the California Department of Justice will move this Court, pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6), to dismiss, abstain from hearing, and/or stay Plaintiffs' Complaint.

This motion to dismiss is brought on the grounds that the Complaint fails to state a claim as a matter of law, that this Court lacks subject matter jurisdiction, that this Court should abstain from hearing this case under *Railroad Commission v. Pullman Company*, 312 U.S. 496 (1941), and/or that this Court should stay or dismiss this case under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). This motion is based on this Notice, the Memorandum of Points and Authorities, the Request for Judicial Notice filed herewith, the papers and pleadings on file in this action, and upon such matters as may be presented to the Court at the time of the hearing. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 14, 2022.

Dated: January 24, 2022                    Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

*Robert M*

ROBERT L. MEYERHOFF
Deputy Attorney General
*Attorneys for Defendants*

1

2

## MEMORANDUM AND POINTS OF AUTHORITIES

## INTRODUCTION

3

4

5

6

7

8

Plaintiffs' Complaint asserts a Second Amendment claim but fails to allege any violation of their right to bear arms, asserts a Substantive Due Process claim but fails to allege a protected interest or any conduct that is egregious or shocks the conscience, and asserts a Procedural Due Process claim but again fails to allege a cognizable property or liberty interest. For these reasons alone, this Court should dismiss the Complaint in its entirety for failure to state a claim.

9

10

11

12

13

14

15

16

17

Additionally, the Complaint should be dismissed for lack of Article III standing for two reasons. First, this case is moot because the transfer of the type of firearm Plaintiffs seek to transfer (*i.e.*, centerfire Title 1 firearms) is no longer permitted under California law, and thus the court cannot grant any effectual relief to Plaintiffs. Nor does an exception to the mootness doctrine apply in this case, because the allegations in the Complaint make clear that the drop-down option whose absence Plaintiffs complained of has been added. Second, Plaintiffs lack Article III standing because their alleged injury is not fairly traceable to Defendants' conduct.

18

19

20

21

22

23

24

25

26

27

To the extent the Court does not dismiss the Complaint in its entirety, the Court should abstain from hearing this case under *Railroad Commission v. Pullman Company*, 312 U.S. 496 (1941). The Complaint meets all the tests for *Pullman* abstention: it touches on an area of social policy which the Court should not enter unless no alternative to adjudication is available, the constitutional adjudication Plaintiffs seek may be avoided because a definitive ruling on the issues presented can be obtained in a related state court action (the Related Action) by plaintiffs who are represented by the same counsel and who seek the relief sought here, and how the state court will rule on the issues presented in the Related Action (and here) is uncertain.

28

Defendants' Notice of Motion and Motion;
MPA In Support (Case No. 2:21-cv-09018)

Finally, in the alternative, the Court should stay or dismiss this case under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The "wise administration of judicial resources" counsels in favor of staying or dismissing this case due to the presence of the concurrent Related Action, particularly given that plaintiffs in both cases are represented by the same law firm, seek overlapping relief, and have effectively named the same defendants.

For the foregoing reasons and as explained in greater detail below, this Court should dismiss the Complaint in its entirety for failure to state a claim and lack of subject matter jurisdiction. To the extent it does not, the Court should abstain from hearing the case under *Pullman* or stay or dismiss the case under *Colorado River*.

## PROCEDURAL BACKGROUND AND FACTUAL ALLEGATIONS

### I.   THE RELATED ACTION

On May 27, 2020, Franklin Armory, Inc., and the California Rifle & Pistol Association, filed a verified complaint and petition for writ of mandate in Los Angeles Superior Court, naming as defendants the California Department of Justice and Xavier Becerra in his official capacity as Attorney General of the State of California. RJN, Ex. 1 (RA Docket). On August 19, 2020, the plaintiffs filed their First Amended Complaint. RJN, Ex. 2 (RA FAC).

In the FAC, the plaintiffs alleged 9 causes of action: (1) declaratory and injunctive relief; (2) petition for writ of mandate; (3) tortious interference with contractual relations; (4) tortious interference with a prospective economic advantage; (5) negligent interference with a prospective economic advantage; (6) 42 U.S.C. § 1983 – violation of procedural due process; (7) 42 U.S.C. § 1983 – violation of substantive due process; (8) declaratory and injunctive relief regarding the "validity of non-statutory ban on lawful product via technological barriers"; and (9) violation of public policy. *Id*. at ¶¶ 108-202.

The defendants filed a demurrer to the RA FAC asserting, *inter alia*, that the plaintiffs' claims were mooted by Senate Bill 118 (SB 118), which reclassified

centerfire Title 1 firearms as assault rifles which are now illegal for the public to purchase. RJN Ex. 3 (Order on Demurrer re: RA FAC at 4-5). The court agreed, finding that the plaintiffs' "claims are moot" because an "order permitting completion of the transfer of an assault weapon to a buyer who made a deposit before August 6, 2020 would violate SB 118." *Id*. at 5-6. The court also found that the plaintiffs lacked standing for injunctive relief, because they did "not properly allege[] actual or impending injury." *Id*. at 9. The plaintiffs did not seek reconsideration or modification of the trial court's order.

On February 17, 2021, the plaintiffs filed a Second Amended Complaint (RA SAC) in which they alleged the same nine causes of action as in the RA FAC. RJN Ex. 4, ¶¶ 115-204. In the RA SAC, the plaintiffs acknowledged that California has passed a law designating centerfire Title 1 firearms as a "assault weapons" under the Roberti-Roos Assault Weapons Control Act—thereby immediately prohibiting the transfer of centerfire Title 1 firearms. *Id*. at ¶ 112.

On November 29, 2021, the defendants moved to dismiss, this time specifically challenging the first (*i.e.*, declaratory and injunctive relief), second (*i.e.*, writ of mandate), and eighth (*i.e.*, declaratory and injunctive relief regarding the "validity of non-statutory ban on lawful product via technological barriers") causes of action on mootness grounds. RJN Ex. 5 (MTD RA SAC), 2. The plaintiffs opposed that motion, and in so doing effectively conceded that these claims were moot. RJN Ex. 6 (Opp. to MTD RA SAC), 5 (stating that the plaintiffs "do not inherently disagree with the dismissal of those claims"). The plaintiffs argued, however, that exceptions to mootness recognized under California law (*i.e.*, an issue of broad public interest likely to recur and an issue likely to recur between the same parties) applied. *Id*.

According to the plaintiffs, their claims for declaratory and injunctive relief and writ of mandate "directly implicate[] the public's fundamental interest in protecting and vindicating the constitutional right . . . to acquire and possess lawful

Defendants' Notice of Motion and Motion;
MPA In Support (Case No. 2:21-cv-09018)

firearms," and "seek[] a declaration about the legality of conduct by the Attorney General and the DOJ that will not only direct the conduct of those currently serving, but of their successors in office." *Id.* at 11-12. The plaintiffs themselves contend that the "dispute concerns the interests of both the named parties, as well [as] the thousands of firearm purchasers, dealers, and manufacturers seeking to transfer firearms in California." *Id.* at 12. And in support of their argument that the court should not dismiss their claims for mootness, the plaintiffs contend that "the DOJ has steadfastly maintained throughout this litigation that it is under no duty" to facilitate transfer of Title I firearms. *Id.* at 16.

## II.   THE INSTANT CASE

On November 17, 2021, while the Related Action was pending, this case was filed in the Central District of California as a purported class action by three individuals, represented by the same law firm representing the plaintiffs in the Related Action. Compl. [Dkt. No. 1], p. 1. Along with their complaint, Plaintiffs also filed the Notice of Pendency of Other Action, in which they stated that both the Related Action and this case "raise federal constitutional challenges, including procedural and substantive due process claims," to the alleged prohibition on "the transfer of lawful firearms that are neither 'rifles,' nor 'shotguns,' nor 'handguns.'" Notice of Pendency of Other Action [Dkt. No. 5], 2.

As alleged in the Complaint, Plaintiffs are three California residents who, "[o]n or before August 6, 2020, . . . paid a deposit and entered into a contract with Franklin Armory for the purchase of one or more Franklin Armory Title 1 firearms . . . ." Compl., ¶¶ 13-15. The Complaint does not attach any of the alleged contracts between Plaintiffs and Franklin Armory, nor does it provide details as to the specific date of the contracts, the number of weapons purchased, the purchase price, or the intended date of delivery. Nor does the Complaint allege that Plaintiffs entered into any contracts or agreements with firearms dealers. The Complaint is purportedly brought on behalf of a class of "all persons within the state of

Defendants' Notice of Motion and Motion; MPA In Support (Case No. 2:21-cv-09018)

California who made earnest money deposits for the purchase of one or more centerfire variants of Franklin Armory's Title 1 series of firearms before August 6, 2020." *Id*. at ¶ 22.

According to the Complaint, Plaintiffs were "barred from receiving [their] . . . lawful firearm(s) because of technological and administrative barriers that Defendants intentionally and unlawfully erected to prevent such transfers." *Id*. at ¶¶ 13-15. And "[b]ut for Defendants' conduct complained of," Plaintiffs allege that they "would have completed the purchase and taken possession of the Title 1 firearm(s) for which [they] . . . paid a deposit before August 6, 2020." *Id*.

Plaintiffs allege that "California regulates firearms in a wide variety of ways." *Id*. at ¶ 37. California allegedly defines the term "firearm," and further divides the term "firearm" into two types: "long guns" and "handguns." *Id*. at ¶¶ 38-39. "Long guns" are alleged to be "any firearm that is not a handgun or a machinegun," and a handgun "means any pistol, revolver, or firearm capable of being concealed upon the person." *Id*. at ¶¶ 40-41. Plaintiffs allege that within these "two classifications (i.e., long gun and handgun) are several statutorily defined firearm subtypes, the most common of which are 'rifles' and 'shotguns' under the classification for 'long guns.'" *Id*. at ¶ 43.

According to Plaintiffs, "[t]he state of California uses these types and subtypes to regulate firearms in distinct ways based upon their design and technology." *Id*. at ¶ 46. Plaintiffs allege that the Title 1 firearms they sought to purchase are not "'rifles,' 'shotguns,' or 'handguns,' as those terms are defined by California law," but rather are "firearms with an undefined subtype." *Id*. at ¶ 48. Plaintiffs allege "[w]hile a device may be considered a 'firearm' under California law, it may also fall outside of the statutorily defined subcategories due to the design and features of the firearm." *Id*. at ¶ 47. Plaintiffs do not point to any California statute or regulation that defines, recognizes, or otherwise refers to "firearms with an undefined subtype."

Defendants' Notice of Motion and Motion;
MPA In Support (Case No. 2:21-cv-09018)

1   According to Plaintiffs, "[w]ith limited exception, nearly all firearm transfers

2   within California must be processed through a dealer licensed by the federal

3   government, the state of California, and the local authorities to engage in the retail

4   sale of firearms." *Id*. at ¶ 57. In addition, "[c]ertain aspects of licensing and

5   registration have been delegated to Defendants," including "the licensing of

6   California retailers engaged in the sale of firearms, as well as administration of the

7   recordkeeping, background checks, and fees related to the sale, lease, loan, or

8   transfer of firearms." *Id*. at ¶ 60.

9   The Complaint alleges that to "lawfully transfer any firearm, the licensed

10   California dealer through which the firearm is transferred must receive, verify,

11   retain, and/or transmit all required firearm purchaser information to Defendant

12   DOJ." *Id*. at ¶ 64 (emphasis omitted). It is also alleged that state law mandates "that

13   electronic transfer be the exclusive means for transmitting the required firearm

14   purchaser information to Defendant DOJ but permit[s] Defendant DOJ to make

15   limited exceptions," and that method of electronic transfer that Defendants have

16   established for the submission of firearm purchaser information required law is the

17   Dealer's Record of Sale Entry System (DES). *Id*. at ¶¶ 66-67.

18   According to Plaintiffs, prior to October 1, 2021, the DES included three

19   options in a drop-down menu for the dealer to choose from upon selecting "long

20   gun": "rifle," "rifle/shotgun," and "shotgun." *Id*. at ¶ 82. Plaintiffs allege that the

21   Title 1 firearms they sought to purchase are neither "rifles" nor "shotguns" as

22   defined by California law, and thus the "actual and practical effect of the design of

23   the DES was that licensed dealers could not submit complete and accurate firearm

24   purchaser information to Defendant DOJ through the DES." *Id*. at ¶¶ 83, 85. And,

25   the Complaint alleges because "dealers could not fully and accurately submit the

26   statutorily required firearm purchaser information through the DES" for the

27   firearms Plaintiff sought to purchase, those dealers "could not accept or process

28

Defendants' Notice of Motion and Motion;
MPA In Support (Case No. 2:21-cv-09018)

1  applications from prospective purchasers of such firearms before October 1, 2021."

2  *Id*. at ¶ 88.

3  **LEGAL STANDARD**

4      To survive a motion to dismiss brought pursuant to Rule 12(b)(6) for failure to

5  state a claim, "a complaint must contain sufficient factual matter, accepted as true,

6  to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

7  662, 678 (2009). Under *Iqbal* and *Bell Atlantic Corporation v. Twombly*, 550 U.S.

8  544 (2007), "courts need not accept as true legal conclusions or threadbare recitals

9  of the elements of a cause of action, supported by mere conclusory statements."

10 *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021). In other

11 words, *"Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions." *Id.*

12 at 1176.

13     "The case or controversy requirement of Article III . . . deprives federal courts

14 of jurisdiction to hear moot cases," *Native Village of Nuiqsut v. Bureau of Land*

15 *Management*, 9 F.4th 1201, 1208 (9th Cir. 2021), because a case that is moot at any

16 point during the proceedings is "no longer a 'Case' or 'Controversy' for purposes

17 of Article III." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018). "The

18 plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing"

19 Article III standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised*

20 (May 24, 2016).

21     Abstention pursuant to *Railroad Commission of Texas v. Pullman Company*,

22 312 U.S. 496 (1941), is appropriate where (a) a plaintiff's "complaint touches a

23 sensitive area of social policy upon which the federal courts ought not to enter

24 unless no alternative to its adjudication is open," (b) such "constitutional

25 adjudication plainly can be avoided if a definitive ruling on the state issue would

26 terminate the controversy," and (c) the "possibly determinative issue of state law is

27 doubtful" or uncertain.  *Smelt v. Cty. of Orange*, 447 F.3d 673, 679 (9th Cir. 2006).

28 Under *Pullman*, it is "not even necessary that the state adjudication obviate the need

to decide all the federal constitutional questions as long as it will reduce the contours of the litigation." *Id.*

Finally, a stay or dismissal pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) is appropriate where "the presence of a concurrent state proceeding permit[s] the district court to dismiss a concurrent federal suit for reasons of wise judicial administration." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 977–78 (9th Cir. 2011). In the Ninth Circuit, courts assess eight factors in determining the appropriateness of a Colorado River stay or dismissal:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Id.* at 978-79.

The "*Colorado River* factors should not be applied as a 'mechanical checklist,'" but rather "the test is a flexible [one] . . . in which one factor may be accorded substantially more weight than another depending on the circumstances of the case." *El Centro Foods, Inc. v. Nazarian*, No. CV09-06395 ODWVBK, 2010 WL 1710286, at *3 (C.D. Cal. Apr. 21, 2010).

## ARGUMENT

### I.  THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY FOR FAILURE TO STATE A CLAIM

#### A.  Plaintiffs Fail to Adequately Allege a Second Amendment Violation

The First Count of the Complaint should be dismissed because Plaintiffs fail to allege facts sufficient to support a Second Amendment claim. Under *Iqbal*, courts are required to identify "pleadings that, because they are no more than conclusions,

1  are not entitled to the assumption of truth," and to "disregard [t]hreadbare recitals

2  of the elements of a cause of action, supported by mere conclusory statements."

3  *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (affirming

4  dismissal of plaintiff's claim because the court did not "assume the truth of the

5  complaint's bare legal conclusion" as to one of the elements of the claim); *DeRock

6  v. Sprint-Nextel*, 603 F. App'x 556, 557 (9th Cir. 2015) (affirming dismissal of

7  plaintiff's claims in part because he alleged "unsupported legal conclusions"). In

8  this case, Plaintiffs' Second Amendment claim should be dismissed on those

9  grounds.

10      The Complaint alleges in the conclusory fashion that Defendants' conduct

11  deprived Plaintiffs "of their right to keep and bear arms for lawful purposes under

12  the Second Amendment." *See, e.g.*, Complaint, ¶ 119. But nowhere in the

13  Complaint do Plaintiffs allege that they have a Second Amendment right to possess

14  or transfer centerfire Title 1 firearms, and the plaintiffs in the Related Action,

15  including the manufacturer, have in fact conceded that the transfer of those firearms

16  is now banned under California law. RA SAC, ¶ 112.

17      The failure to allege a Second Amendment right to the possession or transfer

18  of the weapons they allegedly sought to purchase is fatal to Plaintiffs' claim. A

19  Second Amendment claim requires that "the challenged law affects conduct that is

20  protected by the Second Amendment." *Duncan v. Bonta*, 19 F.4th 1087, 1100 (9th

21  Cir. 2021). "If not, then the law is constitutional," and the analysis ends. *Id*. In this

22  case, the Complaint's mere incantation of the Second Amendment is insufficient to

23  survive this motion where there is no allegation that Plaintiffs' possession or

24  transfer of centerfire Title I firearms is protected by the Second Amendment. *See

25  Rupp v. Becerra*, 401 F. Supp. 3d 978, 993 (C.D. Cal. 2019) (finding that

26  California's Assault Weapons Control Act does not violate the Second

27

28

Defendants' Notice of Motion and Motion;
MPA In Support (Case No. 2:21-cv-09018)

Amendment); *see also Duncan*, 19 F.4th at 1107 (9th Cir. 2021) ("*Heller* clearly did not prohibit governments from banning some subset of weapons.").[1]

## B. The Substantive Due Process Claim Fails to Allege a Cognizable Interest or Sufficiently Egregious Conduct

The Second Count of the Complaint requires dismissal for two reasons: (1) it does not allege a cognizable property or liberty interest; and (2) it does not allege conduct on the part of Defendants sufficient to state a substantive due process violation.

### 1. Plaintiffs Do Not Allege a Cognizable Interest

Plaintiffs do not allege a property or liberty interest which would implicate substantive due process. "To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property." *Nunez v. City of L.A.*, 147 F.3d 867, 871 (9th Cir. 1998); *see also Albright v. Oliver*, 510 U.S. 266, 272 (1994) ("The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity."). Here, neither a valid property nor liberty interest is alleged, nor is any life interest alleged at all.

First, Plaintiffs do not allege a valid property interest. "While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution, substantive due process rights are created only by the Constitution." *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229 (1985) (J. Powell, concurring); *Blocktree Props., LLC v. Pub. Util. Dist.*

---

[1] Dismissal of Second Amendment claims at the pleadings stage is appropriate where the allegations in support of those claims do not satisfy *Iqbal* and *Twombly*. *See, e.g., Mutter v. Madigan*, 17 F. Supp. 3d 752, 760 (N.D. Ill. 2014), *aff'd as modified sub nom. Mutter v. Rodriguez*, 700 F. App'x 528 (7th Cir. 2017) (dismissing plaintiff's Second Amendment claim under *Iqbal* where "own allegations undercut his claim" because litigants asserting such claims must nonetheless "state a claim to relief that is 'plausible on its face'"); *see also Stonecipher v. Valles*, No. CV 11-417 BB/GBW, 2012 WL 12897894, at *8 (D.N.M. Jan. 5, 2012) (dismissing Second Amendment claim despite plaintiffs' argument that defendants "violated their right to bear arms as clearly established in *Heller*" because the question "is not whether there is a general right to bear arms, as established in *Heller*," but whether defendants' conduct specifically violated plaintiffs' right to bear arms).

*No. 2 of Grant Cty. Wash.*, 447 F. Supp. 3d 1030, 1038 (E.D. Wash. 2020), *aff'd sub nom. Cytline, LLC v. Pub. Util. Dist. No. 2 of Grant Cty., Wash.*, 849 F. App'x 656 (9th Cir. 2021) (finding that because plaintiffs "cannot rely on state law to argue that they have a protected property interest for the purposes of substantive due process," they must instead "focus their argument on whether the U.S. Constitution has been interpreted to provide the alleged protected interest"). As explained above, *supra* Section I.A, Plaintiffs have not adequately alleged a violation of the Second Amendment or any other federal constitutional provision[2] that would form the basis of a property right for a substantive due process claim.

Second, Plaintiffs have also not alleged a cognizable liberty interest. There is only a "narrow range of liberty interests that substantive due process protects," specifically, "[o]nly those aspects of liberty that we as a society traditionally have protected as fundamental are included within the substantive protection of the Due Process Clause." *Mullins v. State of Or.*, 57 F.3d 789, 793 (9th Cir. 1995) (affirming denial of Substantive Due Process claim). Here, the Complaint alleges that Plaintiffs "have a fundamental right to acquire and possess lawful firearms for lawful purposes" (Compl., ¶ 139), but the Complaint does not, and could not, allege a liberty interest in the possession or transfer of the centerfire Title 1 firearms Plaintiffs allegedly sought to purchase. As such, they have failed to adequately allege a liberty interest that they have which was violated.

---

[2] The Complaint alleges in conclusory fashion that Plaintiffs have a "liberty interest," for the purposes of both their substantive and procedural due process claims, in "their right to contract freely in lawful commerce without unlawful or unauthorized impairment by the government," citing article I, section 10 of the U.S. Constitution and article I, section 9 of the California Constitution. (Compl., ¶¶ 139, 150). Those conclusory allegations are insufficient under *Iqbal* and *Twombly* to plead a cognizable liberty interest for either their substantive due process or procedural due process claim, particularly given that Plaintiffs fail to attach the contracts they supposedly entered to the pleadings or allege any details of the contracts' terms. *See Miller v. Delta Air Lines*, No. 218CV0218ODWSK, 2018 WL 1750558, at *3 (C.D. Cal. Apr. 10, 2018) ("In the absence of the purported contract or direct quotations, a plaintiff is required to clearly allege the relevant substantive terms of the contract.").

Defendants' Notice of Motion and Motion; MPA In Support (Case No. 2:21-cv-09018)

### 2.   The Complaint Does Not Allege Egregious Conduct

Even had Plaintiffs adequately alleged a cognizable property or liberty interest, their Substantive Due Process claim would nonetheless be infirm because they do not allege conduct on the part of Defendants that is egregious or that "shocks the conscience." The "due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998). Instead, the "threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Fontana v. Haskin*, 262 F.3d 871, 882 n.7 (9th Cir. 2001). Plaintiffs do not allege that Defendants' conduct was so egregious and outrageous that it would "shock the contemporary conscience," nor would the underlying factual material in the Complaint support such an assertion. As such, their Second Cause of Action must be dismissed.[3]

### C.   The Procedural Due Process Claim Also Fails to Allege a Cognizable Liberty or Property Interest

The Third Cause of Action should also be dismissed because Plaintiffs have failed to allege a cognizable property or liberty interest. As to the former, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it . . . [or] a unilateral expectation of it." *Greenwood v. F.A.A.*, 28 F.3d 971, 976 (9th Cir. 1994). Instead, a person must "have a legitimate claim of entitlement to it." *Id*. "Property interests are not created by the Constitution," but

---

[3] Courts routinely dismiss substantive due process claims at the pleadings stage for failing to meet the pleading requirements of *Iqbal* and *Twombly*. *See, e.g., Sylvia Landfield Tr. v. City of L.A.*, No. CV 09-1798-JST (RZX), 2011 WL 13142638, at *5 (C.D. Cal. May 5, 2011), aff'd, 729 F.3d 1189 (9th Cir. 2013) (dismissing plaintiffs' substantive due process claims at the pleadings); *Ahearn v. City of Palos Verdes*, No. CV 07-2029-AHS-RNB, 2008 WL 1330461, at *14 (C.D. Cal. Apr. 9, 2008) ("Even construing plaintiff's allegations liberally and affording plaintiff the benefit of any doubt, plaintiff's Complaint fails to allege any deprivation of a fundamental right.").

Defendants' Notice of Motion and Motion;
MPA In Support (Case No. 2:21-cv-09018)

rather "are created and their dimensions are defined by existing rules or understandings that stem from an independent source." *Id*.

In this case, Plaintiffs do not allege a legitimate claim of entitlement to the transfer of centerfire Title 1 firearms. As explained above, they do not adequately allege a violation of the Second Amendment, nor do they argue that SB 118 (*i.e.*, the ban on the transfer of those weapons) is unconstitutional. *See, supra*, Section I.A. Even if they had, however, such an allegation would not constitute a property interest for procedural due process purposes. *See Dougherty v. Cortez*, 446 F. App'x 877, 878 (9th Cir. 2011) (noting that "[p]roperty interests . . . are not created by the Constitution" and finding that California law did not create one of property interests asserted to support plaintiff's procedural due process claim).

To that point, Plaintiffs fail to identify any California law which would give them a legitimate claim to entitlement to possess or transfer centerfire Title 1 firearms. The Complaint alleges that other types of firearms (*e.g.,* the Browning 1919 A4 firearms, the Browning .30 Cal. M-1919 A4 and A6, the Browning .50 Cal. M2 semiautomatic rifles, a U.S. Ordinance Semi-60 configured with a butterfly grip) have in the past not been classified as "assault weapons" under California law (Compl., ¶¶ 51-52), but does not point to any California law which would entitle Plaintiffs to possess or transfer the centerfire Title 1 firearms that they actually sought to buy.[4] And California law provides no right to possess firearms except as provided by statute. *See Kasler v. Lockyer*, 23 Cal. 4th 472, 481 (2000) (holding that "[i]f plaintiffs are implying that a right to bear arms is one of the

---

[4] The Complaint also alleges, *inter alia*, that "[o]ne of the most common types of firearms in the United States are barreled action firearms" and that a "simple search of one online retailer, Brownells.com, for 'barreled receivers' returns dozens of barreled action firearms currently available for sale." Compl., ¶ 53. The relevance of these allegations is unclear. As an initial matter, the Complaint does not allege that Franklin Armory's Title 1 series of firearms are "barreled action firearms." Even if it had, these allegations as to the broader availability of these firearms do not answer the question of whether Plaintiffs had a property interest in the transfer of these firearms grounded in California law.

rights recognized in the California Constitution's declaration of rights, they are simply wrong" because "[n]o mention is made in it of a right to bear arms").

The decision in *Escamilla v. City of Santa Ana*, issued by another court in this District, is instructive. No. 8:19-02229 JAK (ADS), 2021 WL 4582115, at *1 (C.D. Cal. Sept. 3, 2021), *report and recommendation adopted*, No. 8:19-02229 JAK (ADS), 2021 WL 4317974 (C.D. Cal. Sept. 22, 2021). In *Escamilla*, plaintiff alleged a violation of his procedural due process rights based on the revocation of his concealed weapons permit. *Id*. at *8. The Court held that his procedural due process claim must fail because "there is no recognized property interest in possessing a CCW," *id*., given that the Ninth Circuit decided in *Peruta v. Cty. of San Diego* that the Second Amendment's right to keep and bear arms does not include "the right of a member of the general public to carry concealed firearms in public." 824 F.3d 919, 939 (9th Cir. 2006).

Similarly, in this case, Plaintiffs allege that their procedural due process rights were violated based on Defendants' impeding their ability to possess and transfer centerfire Title 1 firearms. Compl., ¶ 120. But Plaintiffs' procedural due process claim must fail, as plaintiffs' claims did in *Escamilla*, because the Second Amendment's right to keep and bear arms does not include the right to possess centerfire Title 1 firearms. *See, supra*, Section I.A (citing *Rupp v. Becerra*, 401 F. Supp. 3d 978 (C.D. Cal. 2019) and *Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021)).

## II.   THIS CASE SHOULD DISMISSED FOR LACK OF ARTICLE III STANDING

Plaintiffs lack standing to bring their claims for two reasons: (1) the case is moot; and (2) Plaintiffs have not alleged an injury which would convey Article III standing.

First, this case is moot because the Court cannot fashion effective relief given that the transfer of the firearms in question is now prohibited under state law (a prohibition which Plaintiffs do not challenge). Where plaintiffs' "[e]ligibility to

apply for a permit . . . has ended during the life of this litigation," those plaintiffs "are now no longer able to satisfy the redressibility requirement of Article III standing, and, as a result, their claims are now moot." *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 656–57 (9th Cir. 2002). In this case, Plaintiffs are no longer eligible under California law to possess or transfer centerfire Title 1 firearms (Compl., ¶¶ 109, 112), so the Court lacks the ability to redress their alleged injury.

Nor does the "capable of repetition, yet evading review" exception apply here, because there is no danger of repetition given that the Complaint acknowledges that a drop-down menu has been added (Compl., ¶ 84) and does not challenge the statute outlawing transfer of these weapons. In any event, that exception is applied "sparingly, and only in exceptional situations." *See Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836–37 (9th Cir. 2014) (finding that the exception did not apply, particularly given that plaintiffs could have sought an interlocutory appeal or an injunction pending appeal but failed to do so).

Second, the Complaint should be dismissed for lack of standing because Plaintiffs have not alleged an injury that is causally linked to Defendants' actions. A litigant lacks standing if the injury she alleges "result[s] of the independent action of some third party not before the court." *Prescott v. Cty. of El Dorado*, 298 F.3d 844, 846 (9th Cir. 2002); *see also Washington Env't Council v. Bellon*, 732 F.3d 1131, 1141 (9th Cir. 2013) (holding that "Plaintiffs must show that the injury is causally linked or 'fairly traceable' to the [defendant's] alleged misconduct," and that the "line of causation between the defendant's action and the plaintiff's harm must be more than attenuated").

Plaintiffs in this case do not allege that Defendants themselves took any direct action against Plaintiffs, such as failing to conduct background checks, or even against the firearms manufacturer or dealers. Instead, their claims hinge on the allegation that Defendants' conduct (or lack thereof) made it impossible for firearms dealers to submit the information required under state law, which in turn

Defendants' Notice of Motion and Motion;
MPA In Support (Case No. 2:21-cv-09018)

"effectively barr[ed]" the sale of the centerfire Title 1 firearms. Compl., ¶ 71. But Plaintiffs fail to allege they entered into a contract or agreement with any dealer to purchase a Title 1 firearm. *See, e.g.,* Compl., ¶ 13-15 (alleging that they paid money to the manufacturer, but not a dealer). Given that Plaintiffs have not alleged they agreed to purchase a Title 1 firearm from a dealer and thus it is unclear why any dealer would even have attempted to submit the information required under state law, Plaintiffs have not pleaded an injury which is fairly traceable to Defendants' conduct.

## III.   THIS COURT SHOULD ABSTAIN FROM HEARING THIS CASE UNDER THE *PULLMAN* DOCTRINE

If the Court does not dismiss the Complaint on one of the grounds discussed above, it should abstain from hearing this dispute under the *Pullman* doctrine because the three applicable factors are satisfied here. Abstention is appropriate where (a) the case touches on a "sensitive area of social policy upon which federal courts ought not to enter unless no alternative to its adjudication is open," (b) "constitutional adjudication can be avoided if a definite ruling on the state issue would terminate the controversy," and (c) a possibly "determinative issue of state law" is uncertain. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 802 (9th Cir. 2001). All three are present in this case.

First, the transfer of firearms is an area of policy that this Court should not enter where an alternative to adjudication (*i.e.*, the Related Action) is open. This factor weighs in favor of abstention where a state has exercised its police powers extensively "and in so doing has expressed its concerns and beliefs about this sensitive area." *Smelt v. Cty. of Orange*, 447 F.3d 673, 680 (9th Cir. 2006). As the Complaint alleges, California has the most "comprehensive" and "complex" firearms laws in the nation, "with over 800 state statutes regulating firearms and firearms transactions within the state." Compl., ¶ 36. By Plaintiffs' own allegations, the first *Pullman* factor is satisfied.

Moreover, the mere fact that Plaintiffs invoke a specific federal constitutional provision (*i.e.*, Second Amendment) does not counsel against abstention. *See Almodovar v. Reiner*, 832 F.2d 1138, 1140 (9th Cir. 1987) (affirming district court's decision to abstain where plaintiffs asserted that their First Amendment rights were violated by California's pandering and prostitution statutes); *Lomma v. Connors*, 539 F. Supp. 3d 1094, 1101 (D. Haw. 2021) ("Plaintiff's First Amendment claims do not prevent abstention."). And courts in other circuits have frequently found *Pullman* abstention can be appropriate in the Second Amendment context. *See, e.g., Caldara v. City of Boulder*, 955 F.3d 1175, 1182 (10th Cir.), *cert. denied sub nom. Caldara v. City of Boulder, Colo.*, 141 S. Ct. 849 (2020) (affirming district court's abstention under *Pullman* despite plaintiffs' argument that "abstention in this case is improper because it chills the exercise of their fundamental constitutional right to keep and bear arms"); *W. Virginia Citizens Def. League, Inc. v. City of Martinsburg*, 483 F. App'x 838, 838 (4th Cir. 2012) (affirming district court's decision to abstain under *Pullman* from hearing a Second Amendment challenge to an ordinance prohibiting possession of firearms in municipally-owned buildings); *Davis v. Grimes*, 9 F. Supp. 3d 12, 15 (D. Mass. 2014) (holding that, on a challenge to alleged restrictions on the ability to obtain firearms licenses, "because Massachusetts law may not be clear, the case may be appropriate for Pullman abstention"); *Doe No. 1 v. Putnam Cty.*, No. 16-CV-08191 (PMH), 2020 WL 7027596, at *1 (S.D.N.Y. Nov. 30, 2020) (finding *Pullman* abstention appropriate for a Second Amendment challenge to a "provision of New York State's firearm licensing regime which renders a firearm license holder's name and address a matter of public record").

Second, the state law questions presented in the Related Action have the potential of altering the federal constitutional questions alleged in this case. *Pullman* abstention is appropriate where there is a "state law question that has the potential of at least altering the nature of the federal constitutional questions." *C-Y*

*Dev. Co. v. City of Redlands*, 703 F.2d 375, 378 (9th Cir. 1983) (affirming abstention because "[r]esolution in the state courts of one or more of these state law questions could dispose of most of [plaintiff's] federal constitutional claims"). Plaintiffs admit that both cases share "a material part of the subject matter," and that "both cases raise federal constitutional challenges, including procedural and substantive due process claims" to the same conduct. Notice of Pendency at 2. And the two operative complaints make clear that the resolution of the Related Action has the potential to alter the constitutional claims in this case. *Compare* RA SAC, ¶ 118 (seeking a determination whether, under California law, there "exists a category of firearm that is neither a 'rifle,' nor 'shotgun,' nor 'handgun,'" and whether the failure to facilitate the transfer of those weapons under violates various provisions of California law) *with* Compl., Prayer for Relief, ¶ 1 (seeking a declaration permitting the allegedly "lawful" transfer of "firearms with an undefined subtype").

Moreover, if the plaintiffs in the Related Action obtain the entirety of the relief they seek, Plaintiffs, on the facts alleged in the Complaint, will necessarily receive the relief that they are seeking in this case. *Compare* RA SAC, ¶ 120 (seeking an order preventing the defendants from prohibiting "the acquisition and registration of those centerfire FAI Title l firearms for earnest money deposits were made on or before August 6, 2020") *with* Compl., Prayer for Relief, Compl., ¶ 4(b) (enjoining Defendants from enforcing California law against Plaintiffs until they can "complete the transfer of, take possession of, and register those centerfire Title 1 firearms for which they made earnest money deposits before August 6, 2020").

Third, the resolution of a possibly determinative issue of state law is uncertain in this case. "An issue of state law is 'uncertain' if a federal court cannot predict with any confidence how the state's highest court would decide an issue of state law." *Courtney v. Goltz*, 736 F.3d 1152, 1163 (9th Cir. 2013). As explained above, the Related Action seeks a decision that California law recognizes "firearms of an

Defendants' Notice of Motion and Motion;
MPA In Support (Case No. 2:21-cv-09018)

undefined type" and that the defendants must facilitate the transfer of those weapons. RA SAC, ¶ 118. While Defendants believe that "firearms of an undefined type" have no recognition under California law, how the California Supreme Court would decide that issue is ultimately uncertain.

Thus, given the three factors of the *Pullman* doctrine are satisfied here, the Court should abstain from hearing Plaintiffs' claims.

## IV.  THE COURT SHOULD STAY THIS CASE PURSUANT TO THE *COLORADO RIVER* DOCTRINE

This case also qualifies for stay or dismissal under the *Colorado River* doctrine. The eight-factor test courts in the Ninth Circuit employ "does not rest on a mechanical checklist," but instead on the "careful balancing of the important factors as they apply in a given case." *Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1165 (9th Cir. 2017), *as amended on denial of reh'g and reh'g en banc* (Oct. 18, 2017). In this case, all the important factors weigh in favor of a stay.[5]

### A.  Staying or Dismissing this Case Will Avoid Piecemeal Litigation

First, the desire to avoid piecemeal litigation is present here. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011) (finding that this factor weighed in favor of a stay because both the state and federal action were centered on a particular legal issue and the federal action "asks the district court to adjudicate rights that are implicated in a vastly more comprehensive state action."). In this case, the injunctive relief Plaintiffs seek is just one part of the relief sought in the Related Action, which also seeks monetary damages and the adjudication of a variety of state law claims. *See* RA SAC, Prayer for Relief. In addition, the plaintiffs in the Related Action seek a determination of whether there exists under

---

[5] Factors (1) and (2) "are irrelevant in this case because the dispute does not involve a specific piece of property, and both the federal and state forums are located in Los Angeles." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011).

Defendants' Notice of Motion and Motion;
MPA In Support (Case No. 2:21-cv-09018)

California law a category of firearms which are neither rifles, shotguns, nor handguns, and whether the general public is permitted to acquire, possess, transfer, and sell those firearms. RA SAC, ¶ 118. If the court in the Related Action concludes that no such category of firearms is recognized under California law or that the general public is not permitted to acquire those weapons under California law, then Plaintiffs' claims in this case must be dismissed because Plaintiffs would be unable to amend their currently deficient substantive and procedural due process claims to add a cognizable liberty or property interest.

The danger of piecemeal litigation is also high given that the plaintiffs in the Related Action have received an adverse ruling on their injunctive relief claim which will be appealable upon entry of a final judgment, and yet Plaintiffs here seek to litigate the same issue in this case.[6] An "exceptional danger exists that piecemeal litigation might occur" where "even if the state court decides th[e] matter first, the federal court must continue to entertain it until a final judgment on appeal is reached." *Morisada Corp. v. Beidas*, 939 F. Supp. 732, 737 (D. Haw. 1995) (staying federal case where the "chance of duplicative litigation, not to mention inconsistent results, [wa]s thus quite high" given that res judicata did not yet apply to adverse rulings in state court proceeding on the same issues which was being litigated in the federal action).

## B. The Order of Jurisdiction Weighs in Favor of the Application of *Colorado River*

The order in which the forums obtained jurisdiction counsels in favor of a stay or dismissal because the court in the Related Action obtained jurisdiction in May 2020 when the plaintiffs in that case first filed suit, and Plaintiffs in this case did

---

[6] The dismissal of the injunctive relief claim on the demurrer was not an appealable interlocutory order under California law, and thus the plaintiffs may still appeal the court's decision after entry of a final judgment on all of their claims. *See* Jon E. Eisenburg, et al., *California Practice Guide: Civil Appeals and Writs*, Ch. 2-B (2021) ("The denial of a permanent injunction immediately before trying a concomitant damages claim is not directly appealable. Rather, the right of appeal lies in connection with an appeal from final judgment in the action.") (citing *McCarty v. Macy & Co.*, 153 Cal. App. 2d 837, 839 (1957)).

not file suit until November 2021. Where the state court obtains jurisdiction first and has "conducted discovery" and "issued an order concerning foundational legal matters," that progress weighs against the federal court exercising jurisdiction. *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 980 (9th Cir. 2011); *see also Sompo Am. Ins. Servs., LLC v. Plaza Indem. Ins. Co.*, No. 219CV05224VAPKSX, 2019 WL 6841988, at *3 (C.D. Cal. Oct. 1, 2019) ("Where state proceedings were initiated eleven weeks before the federal complaint was filed; the defendant has already been served; and the state court has conducted hearings and ruled on the availability of provisional remedies, federal jurisdiction is disfavored."). In the Related Action, the parties have engaged in discovery and the court has issued its Order on the Demurrer re: the FAC concerning foundational legal matters such as standing and mootness.

### C. California Law Provides the Rules of Decision on the Merits

California law provides the rules of decision on the merits because Plaintiffs' claims are based on Defendants' alleged non-compliance with California law. The governing law factor weighs in favor of a stay where, as here, plaintiff's federal claim "is based on all the same conduct being prosecuted in state court." *See Corp. Builders, Inc. v. Tilem*, No. CV080413CASAJWX, 2008 WL 11422178, at *3 (C.D. Cal. Mar. 10, 2008). In this case, while Plaintiffs assert federal claims, the threshold determination on their entitlement to the relief they seek (*i.e.*, the transfer of centerfire Title 1 firearms) is whether they were entitled to transfer those weapons prior to the passage of SB 118. Compl., ¶ 89 (alleging that prior to SB 118, Plaintiffs were entitled to proceed with the "the lawful sale, transfer, or loan of 'long guns' that are 'firearms with an undefined subtype,' including centerfire variants of Franklin Armory's Title 1 series of firearms").[7]

---

[7] To the extent the Court were to determine that federal law provides the rule of decision on the merits, that determination would not significantly shift the overall analysis, because the state court in the Related Action has concurrent jurisdiction over all of Plaintiffs' claim. *See Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) ("If the state and federal courts have concurrent

(continued…)

**D.    The Rights of Plaintiffs Can Be Protected in the Related Action**

The state court in the Related Action can adequately protect the rights of Plaintiffs in this case. A stay or dismissal can be appropriate when "it is clear that the state court has authority to address the rights and remedies at issue." *Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1169 (9th Cir. 2017), *as amended on denial of reh'g and reh'g en banc* (Oct. 18, 2017) (finding this factor favored a stay where plaintiff did "not claim that the state court would lack jurisdiction" over his action or lacked "the power to enter any orders to protect its rights"). In this case, the state court in the Related Action does not lack jurisdiction over the claims or the defendants (who are effectively the same as in this case), and there is no suggestion that the state court lacks the power to enter any order to protect the rights of Plaintiffs in this case.

**E.    The Avoidance of Forum Shopping Supports *Colorado River's* Application**

The desire to avoid forum shopping supports a stay or dismissal pursuant to *Colorado River*. The Ninth Circuit has cautioned courts should "have no interest in encouraging th[e] practice" of the plaintiff having "become dissatisfied with the state court and now seek[ing] a new forum for their claims." *Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989); *Wittenburg v. Russo & Steele*, LLC, No. SACV13510JLSRNBX, 2013 WL 12190424, at *7 (C.D. Cal. Oct. 8, 2013) (finding that the Complaint in the present action is an attempt to forum shop based in part on "the substantial similarity between the cases"). Although Plaintiffs are not direct parties to the Related Action, they clearly stand to reap the benefits of a favorable decision, and have likely become dissatisfied with the course of that action given the state court's decision finding that certain injunctive relief was

---

jurisdiction over a claim," as here, "this factor becomes less significant"); *see also Lewis v. Eng.*, 739 F. App'x 458, 460 (9th Cir. 2018) ("State courts have concurrent jurisdiction to hear 42 U.S.C. § 1983 actions.").

Defendants' Notice of Motion and Motion;
MPA In Support (Case No. 2:21-cv-09018)

1  unavailable now that the firearms Plaintiffs seek to transfer cannot be transferred

2  under California law. But such dissatisfaction does not justify forum shopping.[8]

3      **F.    It Is Likely that the Issues Presented in this Case Will Be
              Resolved in the Related Action**

4

5      The Related Action has a strong likelihood of resolving the issues before the

6  federal court. "The final factor . . . is whether the state court proceeding sufficiently

7  parallels the federal proceeding." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d

8  966, 982 (9th Cir. 2011) (holding "exact parallelism" is not required but the

9  "existence of a substantial doubt as to whether the state proceedings will resolve the

10  federal action precludes" a stay). In this case, it is very possible that the Related

11  Action will resolve this dispute.

12      Plaintiffs in the Related Action seek an injunction and a writ of mandate that

13  that the defendants are enjoined from enforcing California law "in a manner that

14  prohibits the acquisition and registration of those centerfire FAI Title l firearms for

15  earnest money deposits were made on or before August 6, 2020" (*id*. at ¶ 120), and

16  that the defendants must not enforce provisions of California law "that limit the

17  acquisition, transfer, and registration of centerfire FAI Title 1 firearms against those

18  law-abiding Californians . . . who placed a deposit for the purchase of one or more

19  centerfire FAI Title 1 firearms on or before August 6, 2020" (*id*. at ¶ 123(b)). This

20  will resolve the issues in this case, in which Plaintiffs seek an order to enjoin

21  Defendants from enforcing applicable law against Plaintiffs and members of the

22  purported class "until they are given a reasonable period during which to submit the

23  statutorily required firearm purchaser information through DES, complete the

24  transfer of, take possession of, and register those centerfire Title 1 firearms for

25  ───────────────

[8] The fact that the plaintiffs in the Related Action and Plaintiffs here are represented by the same
26  attorneys also weighs in favor of dismissing or staying the case pursuant to *Colorado River*. *See
   Gallagher v. Dillon Grp. 2003-I*, No. CV-09-2135-SBA, 2010 WL 890056, at *5 (N.D. Cal. Mar.
27  8, 2010) (finding plaintiffs' conduct amounted to forum shopping where "[p]laintiffs are
   represented by the same attorney as the plaintiffs in the . . . state court action," and plaintiffs "do
   not provide any explanation justifying why their group was divided into two groups, which filed
28  essentially the same action against the same defendants in separate forums").

1  which they made earnest money deposits before August 6, 2020," and "to allow

2  Plaintiffs and members of the Class to submit the statutorily required firearm

3  purchaser information through DES for, complete the transfer of, take possession

4  of, and register . . . those centerfire Title 1 firearms for which they made earnest

5  money deposits before August 6, 2020." (Compl., Prayer for Relief, ¶ 4(b-c)).

6  **CONCLUSION**

7          For the reasons stated herein, the Court should dismiss the Complaint either

8  for failure to state a claim in its entirety or for lack of subject matter jurisdiction.

9  Alternatively, the Court should abstain from hearing the case pursuant to the

10  *Pullman* doctrine, or dismiss or stay the case pursuant to the *Colorado River*

11  doctrine.

12  Dated:  January 24, 2022                    Respectfully submitted,

13                                               ROB BONTA
                                                 Attorney General of California
14                                               MARK R. BECKINGTON
                                                 Supervising Deputy Attorney General
15
16                                               *Robert M*

17                                               ROBERT L. MEYERHOFF
                                                 Deputy Attorney General
18                                               *Attorneys for Defendants Robert A.*
                                                 *Bonta, Luis Lopez, and the California*
19                                               *Department of Justice*

20

21

22

23

24

25

26

27

28

Defendants' Notice of Motion and Motion;
                                               MPA In Support (Case No. 2:21-cv-09018)

# CERTIFICATE OF SERVICE

Case Name:  **Briseno, Endir, et al. v. Robert**          No.     **2:21-cv-09018**
**A. Bonta, et al.**

I hereby certify that on <u>January 24, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS ROBERT A. BONTA, LUIS LOPEZ, AND CALIFORNIA DEPARTMENT OF JUSTICE'S NOTICE OF MOTION AND MOTION TO DISMISS, ABSTAIN FROM HEARING, AND/OR STAY PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 24, 2022</u>, at Los Angeles, California.

|  |  |
|---|---|
| Stacy McKellar | |
| Declarant | Signature |

SA2022300059